UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-61504-CV-BLOOM
CASE NO.: 16-60296-CR-BLOOM
MAGISTRATE JUDGE REID

RICARDO VASQUEZ,

 Movant,

v.

UNITED STATES OF AMERICA,

 Respondent.

## REPORT OF MAGISTRATE JUDGE

Movant has filed an amended motion to vacate under 28 U.S.C. § 2255 alleging two claims. [ECF No. 16]. As discussed below, the first claim should be dismissed as untimely and the second claim should be denied.

### I. Background

A. <u>Underlying Criminal Case</u>

A grand jury indicted movant for: (1) count I--attempted possession with intent to distribute cocaine and heroin; and (2) count II--possession of a firearm in furtherance of a drug trafficking crime. [Cr-ECF No. 10].

Pursuant to a written plea agreement, movant pleaded guilty to count I. [Cr-ECF No. 30]. The agreement did *not* contain any provision regarding the filing of a motion for substantial assistance under Federal Rule of Criminal Procedure 35(b).

1

The court held a change-of-plea hearing. [Cv-ECF No. 25-1]. Movant's counsel stated that the agreement did not contain any language regarding substantial assistance because movant feared "for his security." [*Id.* p. 6].[1] Further, counsel stated:

> And as is the usual course, if [movant's] cooperation rises to the level of being substantial *in the sole and unreviewable discretion* of the United States Attorney's Office, the United States *may* file a motion for either a downward departure at the time of sentencing or pursuant to Rule 35 thereafter.

[*Id.* p. 5 (emphases added)].

Movant agreed that this was the understanding between him and the government regarding cooperation. [*Id.* p. 6]. The government did not object to these representations.

Movant stated that, apart from the plea agreement and counsel's representations regarding cooperation, no one had made him any promises or assurances to persuade him to plead guilty. [*Id.* pp. 7-8]. Further, he stated that he was pleading guilty of his own free will because he was in fact guilty. [*Id.* p. 8]. In that regard, movant agreed to the truth of the facts in the factual proffer and stated that those facts sufficed to meet the government's burden of proof. [*Id.* p. 25]. Movant also stated that he was fully satisfied with counsel's representation. [*Id.* p.

---

[1] All page citations to ECF entries refer to the page-stamp number at the top, right-hand corner of the page.

4]. The court accepted movant's guilty plea, finding, *inter alia*, that it was "knowing and voluntary." [*Id.* p. 26].

With a total offense level of twenty-nine and a criminal history category of I, movant's guideline imprisonment range was 87 to 108 months. Presentence Investigation Report ("PSI") ¶ 76. However, movant was subject to a 10-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(i)-(ii). PSI ¶ 75.

On April 25, 2017, the court entered judgment, sentencing movant to 120 months' imprisonment. [Cr-ECF No. 39]. Movant did not appeal.

B.  <u>This § 2255 Case</u>

Movant's original § 2255 motion is dated June 8, 2019. [Cv-ECF No. 1, p. 11]. Proceeding *pro se*, movant alleged that his attorney ineffectively failed to object to a 2-point firearm enhancement under the guidelines. [*Id.* p. 4]. Regarding the timeliness, or lack thereof, of his motion, movant stated: "This motion is not barred because [it is] based on [a claim of] ineffective assistance of counsel." [*Id.* p. 9]. Movant did not allege that equitable tolling, actual innocence, or any other potential exception to untimeliness applied. *See generally* [*id.*; Cv-ECF No. 1-1].

Through counsel, movant filed an amended § 2255 motion. [Cv-ECF No. 16]. The amended motion incorporates by reference the original motion. [*Id.* p. 1]. Also, the amended motion alleges that "the government agreed at the change of plea hearing . . . to allow [movant] to cooperate in exchange for a potential reduced

sentence." [*Id.* p. 2]. Movant allegedly "relied upon this representation when he plead[ed] guilty." [*Id.*]

Further, movant alleges that the government breached the purported "oral cooperation agreement" to file a Rule 35(b) motion if movant provided substantial assistance, which he contends that he did. [Cv-ECF No. 28, pp. 4-5; Cv-ECF No. 16, pp. 3-9].

For relief, movant "requests this Court [to] order the government to file a [Rule 35(b)] motion and have his sentencing heard before this Court." [Cv-ECF No. 16, p. 10]. Alternatively, he asks to be allowed "to vacate his plea, judgment and sentence." [*Id.*]

The government responded. [Cv-ECF No. 25]. Pertinently, the government argues that claim one is untimely. [*Id.* pp. 5-7]. Further, the government contends that claim two is meritless because, *inter alia*, movant failed to allege that the government had an unconstitutional motive for failing to file a Rule 35(b) motion. [*Id.* pp. 10-11].

### III.   Analysis

A.   <u>Claim One</u>

Pertinently, 28 U.S.C. § 2255(f) provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final[.] . . .

4

Here, the district court entered movant's judgment of conviction on April 25, 2017. Movant did not appeal. Thus, for § 2255(f)(1) purposes, the judgment became final fourteen days later on May 9, 2017. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); *Ramirez v. United States*, 146 F. App'x 325, 326 (11th Cir. 2005) (per curiam) (citing Fed. R. App. P. 4(b)(1)(A)(I), (6)). However, movant did not file the instant motion until June 8, 2019. Therefore, because movant filed his motion roughly two years and one month after his judgment of conviction became final, the motion is untimely.[2]

B.   Claim Two

"Pursuant to Rule 35(b), '[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.'" *United States v. McNeese*, 547 F.3d 1307, 1308 (11th Cir. 2008) (per curiam) (alteration in original) (quoting Fed. R. Crim. P. 35(b)(1)). "The Supreme Court has held that this statute gives the government "'a power, not a duty, to file a

---

[2] The government contends that claim two does not affect claim one. [Cv-ECF No. 25, p. 6]. The undersigned agrees. *See Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) ("The § 2255(f) statute of limitations requires a claim-by-claim approach to determine timeliness." (citation omitted)). Notably, movant has not responded to the government's argument that claim one is untimely. *See generally* [Cv-ECF No. 28].

motion when a defendant has substantially assisted.'" *Id.* (quoting *Wade v. United States*, 504 U.S. 181, 185 (1992)).

"[G]iven the discretionary nature of a Rule 35 motion, federal courts only have authority to review a prosecutor's refusal to file a substantial-assistance motion or grant a remedy if the refusal was based on an unconstitutional motive, such as race or religion." *United States v. Graham*, 517 F. App'x 882, 884 (11th Cir. 2013) (per curiam) (citing *Wade*, 504 U.S. at 185-86). Thus, "judicial review is appropriate [only] when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." *United States v. Forney*, 9 F.3d 1492, 1502 (11th Cir. 1993) (citing *Wade*, 504 U.S. at 185-86).

"The only possible exceptions to this limitation on judicial authority are when a plea agreement unequivocally requires the government to file a substantial-assistance motion, or where an oral promise to do so induces a defendant to plead guilty." *Graham*, 517 F. App'x at 884 (citing *Forney*, 9 F.3d at 1499 n.2, 1502 n.5); *see also Santobello v. New York*, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled").

But where the record indicates that, if there was any oral agreement, "it did not require the government to file a Rule 35(b) motion but only to consider whether

such a motion should be filed," "the district court [is still] authorized to review the government's refusal to file a substantial assistance motion only if it [finds] that the refusal was based on an unconstitutional motive, such as race or religion." *See United States v. Weeks*, 295 F. App'x 942, 946-47 (11th Cir. 2008) (per curiam).

Here, the plea colloquy unequivocally shows that the government agreed only to exercise its "sole and unreviewable discretion" to consider whether movant's "cooperation [would] rise[] to the level of being substantial." [Cv-ECF No. 25-1, p. 5]. Furthermore, movant does not even allege that the government's refusal to file a Rule 35(b) motion was attributable to an unconstitutional motive, much less make a substantial showing of the same. Therefore, claim two is unreviewable.

Movant contends that the government failed to file a Rule 35(b) motion in bad faith. [Cv-ECF No. 28, pp. 5-7]. However, "the government's decision to make or withhold a [substantial assistance] motion is a form of prosecutorial discretion[] that is not reviewable for arbitrariness or bad faith[.]" *Forney*, 9 F.3d at 1503 n.5 (citation omitted); *see also United States v. James*, 262 F. App'x 159, 161 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit has not "construed *Wade* broadly enough to permit a court to grant a defendant relief when, absent an unconstitutional motive such as race, religion, or another arbitrary classification, the government's refusal to move for a reduction is not rationally related to any legitimate government end" (citing *Nealy*, 232 F.3d at 831; *Forney*, 9 F.3d at 1503 n.4)).

Movant also appears to contend that the government did not consider his assistance at all. *See* [Cv-ECF No. 16, pp. 4, 7, 9]. The record contradicts this contention. [Cv-ECF No. 16-4; Cv-ECF No. 25-3; Cv-ECF No. 25-4; Cv-ECF No. 25-5 (prosecutor's emails with counsel discussing movant's attempts to cooperate)]. "[A]ssertions that the government's refusal to file . . . resulted from the government's undervaluing [the defendant's] cooperation are not sufficient to trigger judicial review." *Uribe*, 486 F. App'x at 826; *see also United States v. Garcia*, 201 F. App'x 724, 725 (11th Cir. 2006) (per curiam) (defendant's disagreement with government's assessment of assistance not reviewable).

Movant has not shown any basis to vacate his guilty plea. Again, the alleged oral agreement simply required the government to exercise its "sole and unreviewable" discretion when considering his attempts to cooperate, which it did. Furthermore, the plea colloquy shows that he knowingly and voluntarily pleaded guilty because he was in fact guilty. *See supra* Part I(A); *see also Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant . . . at [] a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.").

## IV.   Evidentiary Hearing

Movant is not entitled to an evidentiary hearing. As discussed above, "the motion and the files and records of the case conclusively show that [movant] is

entitled to no relief[.]" *See* 28 U.S.C. § 2255(b). As discussed, the record conclusively refutes claim two. Furthermore, there is no basis to infer that movant would be able to develop facts at an evidentiary hearing sufficient to overcome § 2255(f)'s time bar of claim one.

## V.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing § 2255 Proceedings.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "a petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). By

contrast, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, the undersigned denies a certificate of appealability. If movant disagrees, he may so argue in any objections filed with the district judge. *See* Rule 11(a), Rules Governing § 2255 Proceedings ("Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.").

### VI.  Recommendations

Based on the foregoing, it is recommended:

1.  That movant's amended § 2255 motion [Cv-ECF No. 16] be dismissed as to claim one and denied as to claim two;

2.  That no certificate of appealability issue; and

3.  That judgment be entered and the case closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar movant from a *de novo* determination by the district judge of an issue covered in this

report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 27th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Gennaro Cariglio , Jr
8101 Biscayne Blvd
PH 701
Miami, FL 33138
305-899-0438
Fax: 305-373-3832
Email: Sobeachlaw@aol.com

Cynthia R. Wood
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
954-660-5923
Fax: 954 356-7336
Email: cynthia.wood@usdoj.gov

Alicia E. Shick
United States Attorney's Office
500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33394
954-660-5793

Fax: 954-356-7336
Email: alicia.shick@usdoj.gov

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov