UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61504-BLOOM/Reid

RICARDO VASQUEZ,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Movant, Ricardo Vasquez's, Amended Motion under 28 U.S.C. § 2255 for Specific Performance or to Vacate, Set Aside, or Correct Sentence, ECF No. [16] ("Motion"), filed on September 3, 2019. On March 27, 2020, Magistrate Judge Reid issued a Report of Magistrate Judge recommending that the Motion be dismissed as to claim one, ineffective assistance of counsel, and denied as to claim two, alleged breach of plea deal; no certificate of appealability be issued; and that judgement be entered and the case closed. ECF No. [29] ("R&R"). Movant filed timely objections to the R&R, ECF No. [30] ("Objections"), to which Respondent filed a response, ECF No. [31] ("Response").

The Court has conducted a *de novo* review of the portions of the R&R to which Movant has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the R&R for clear error. *Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)). The Court has considered the Motion, the R&R, the Objections, the Response, the record in this case and applicable law, and is otherwise fully advised. Upon review, the Court finds Judge Reid's Report to be well reasoned

and correct, and the Court agrees with the analysis in Judge Reid's R&R.

In the Objections, Movant challenges certain factual findings (and lack of factual findings) and legal conclusions in the R&R. *See generally* ECF No. [30]. The Court will address them in turn.

### I. Factual Objections

#### A. Objections one and two

In paragraph one of the Objections, Movant objects that the R&R "lacks a factual finding that [he] initially debriefed on January 27, 2017," and he asserts that this "fact is critical to the analysis because the initial debriefing preceded the change of plea colloquy on February 8, 2017." *Id.* at 1-2. He adds in paragraph two that the R&R "makes a factual finding that the record contradicts [his] contention that the government did not consider his cooperation at all." *Id.* at 2. He objects because, in his view, an April 26, 2017 email "documents the fact that the government thought [he] was untruthful on January 27, 2017" but the government nonetheless induced him to "plead guilty with a false promise of potential cooperation on February 8, 2017, while believing at the time that he was 'useless' as a cooperator." *Id.* at 2-3. He states that the "record makes it clear that the government did not consider his cooperation at all after February 8, 2017 because of their impressions of his candor on January 27, 2017." *Id.* He maintains that an evidentiary hearing is "necessary to clarify the record on why the government would enter into a cooperation agreement with [him] if they believed he was untruthful and useless." *Id.* at 3.

Upon review and consideration, the objections are overruled. Movant provides no basis to conclude that the government knew of his alleged untruthfulness in February 2017. As set forth in the Motion, Movant was debriefed on January 27, 2017, February 27, 2017, and March 22, 2017. *See* ECF No. [16] at ¶¶ 4-6. The email at issue was sent in April 2017, after the change of plea

2

hearing, and it does not represent that the government knew he was untruthful in January 2017. Likewise, the record reflects that the government considered Movant's efforts to cooperate after February 8, 2017 and it attempted to obtain authorization for third-party cooperation. *See* ECF Nos. [16-4]; [25-3]; [25-4]; [25-5]. Further, Movant informed the Court during his change of plea that he was in fact guilty and he acknowledged that the government *may* file a Rule 35 motion "if his cooperation rises to the level of being substantial in the sole and unreviewable discretion of the United States Attorney's Office[.]" ECF No. [25-1] at 5-8. He also stated that apart from the plea agreement and counsel's representations regarding cooperation, no one had made any promises or assurances to persuade him to plead guilty. *Id.* at 7-8. Accordingly, objections one and two are without merit.

### B. Objections three and four

In paragraph three of the Objections, Movant "objects to the lack of a factual finding that the government failed to inform him that he was untruthful during his initial debrief on January 27, 2017 prior to his change of plea hearing." ECF No. [30] at 3. In paragraph four, he "objects to the lack of a factual finding that the government failed to inform him prior to his change of plea hearing on February 8, 2017 that he was seriously compromised as a witness and probably useless." *Id.* He adds that an evidentiary hearing is necessary to establish why the government failed to disclose these facts to him prior to the change of plea hearing. *Id.*

Upon review, these objections are without merit. As an initial matter, Movant would have known whether he was untruthful with the government during his debriefings. But, separately, he makes the unsupported assumption that the government knew prior to his change of plea hearing that he had been untruthful. He cites no record evidence to show that the government knew at the time of his change of plea that he had not made a full disclosure of his knowledge regarding

3

narcotics trafficking. And, as noted above, the record demonstrates that the government attempted to work with Movant and third parties on his behalf after February 2017, which undermines his conclusion that the government knew of his untruthfulness in January 2017. Accordingly, these objections are overruled.

### C. Objection five

In paragraph five of the Objections, Movant "objects to the lack of a factual finding that the government induced him to plead guilty by agreeing to allow him to cooperate in exchange for a potential reduction in sentence pursuant to Rule 35." ECF No. [30] at 3-4. He represents that at an evidentiary hearing he "would testify that his potential to cooperate was an important part of his decision to plead guilty and that he would not have plead guilty without the ability to cooperate." *Id.* at 4.

Upon review and consideration, the Court finds this objection to be without merit. The R&R discusses Movant's plea agreement, including his counsel's statements that the government *may* file a Rule 35 motion if Movant's cooperation "rises to the level of being substantial in the sole and unreviewable discretion of the United States Attorney's Office[.]" ECF No. [29] at 1-2. The R&R further notes that "Movant agreed that this was the understanding between him and the government regarding cooperation," and how he acknowledged that "no one had made him any promises or assurances to persuade him to plead guilty." *Id.* at 2. Moreover, the R&R correctly observed that "the plea colloquy unequivocally shows that the government agreed only to exercise its 'sole and unreviewable discretion' to consider whether [M]ovant's 'cooperation [would] rise[] to the level of being substantial.'" *Id.* at 7. Finally, Movant's argument overlooks that, as part of his plea agreement, the government dismissed Count 2, which carried a five-year mandatory minimum sentence. *See* ECF No. [25-2]. Accordingly, this objection is overruled.

### D.    Objection six

In paragraph six of the Objections, Movant "objects to the lack of a factual finding that the government refused to act in good faith by failing to forward his information to the appropriate authorities in the United States Virgin Islands." ECF No. [30] at 4. He alternatively objects "to the factual finding that his assistance did not lead to the arrest of Don Luke George." *Id.* He states that at an evidentiary hearing, he would testify that he provided the government with information regarding this criminal activity during his January 27, 2017 debrief. *Id.* at 4-5. He adds that a hearing would "clarify" whether the government "failed to disclose the information to authorities[.]" *Id.*

Upon review, this objection is unavailing. The record shows that on May 14, 2019, an AUSA in the Virgin Islands sent Movant's counsel an email quoting a Department of Homeland Security agent that arrested Don Luke George, as follows: "I did not have any prior knowledge th[at] Don Luke was involved in something. I didn't receive a tip. The surveillance was solely based on the ongoing operation and my behavioral analysis." ECF No. [16-7]. Movant offers nothing to contradict this evidence, and he speculates regarding the government's alleged lack of good faith. Accordingly, this objection is overruled.

### E.    Objection seven

In paragraph 7 of the Objections, Movant "objects to the factual finding that the arrest of Travis Kinkay Jones was not based on any information provided by him, and also objects to the fact that the Report relies on a sealed Title III affidavit that [Movant] has not had the ability to review in order to refute this finding." ECF No. [30] at 5. He states that an evidentiary hearing "would establish that the DEA Agent that was involved in the arrest of Mr. Jones was present for at least one debrief of Mr. Vasquez and during that debrief information was given on Mr. Jones"

and that "the DEA Agent relied on that intelligence in prosecuting the case against Mr. Jones." *Id.* Upon review, the objection is without merit. The Report does not make any specific factual findings regarding the Jones matter nor the Title III affidavit. *See* ECF No. [29]. Accordingly, this objection is overruled.

## II. Legal Objections

### A. Objection eight

In paragraph eight of the Objections, Movant "objects to the legal conclusion that he is not entitled to an evidentiary hearing as he would be able to introduce proof to support the objections contained in paragraphs 1-7." ECF No. [30] at 5-6. Upon review, the objection is without merit. The R&R concluded, after reviewing the record, that "the motion and the files and records of the case conclusively show that [movant] is entitled to no relief," and that "the record conclusively refutes claim two" and "there is no basis to infer that movant would be able to develop facts at an evidentiary hearing sufficient to overcome § 2255(f)'s time bar to claim one." ECF No. [29] at 8-9. Movant fails to show why the Magistrate Judge's conclusion was incorrect.

### B. Objection nine

Beginning on paragraph nine, Movant "objects to the legal conclusion that Claim Two is not reviewable for bad faith absent an unconstitutional motive on the part of the government." ECF No. [30] at 6. Specifically, he challenges the R&R's reliance on *United States v. Weeks*, 295 F. App'x 942 (11th Cir. 2008) (per curiam). According to Movant, the R&R "fails to consider [his] claim as an exception solely based on the cooperation language memorialized at the change of plea hearing." *Id.* He adds that the R&R's conclusion regarding the ability to review the government's discretion is contradicted by *Santobello v. New York*, 404 U.S. 257 (1971). *Id.* at 6-7. Movant contends that "[u]nder the Report's rationale, the government could in bad faith induce a defendant

to plead guilty by agreeing to consider a defendant's cooperation while knowing it has no intention on filing a Rule 35 motion because the defendant had previously been untruthful-as is alleged here." *Id.* at 7. He further challenges the R&R's reliance on *United States v. Forney*, 9 F.3d 1492 (11th Cir. 1993), *id.* at 8-9, and on *Wade v. United States*, 504 U.S. 181 (1992).

Upon review and consideration, the Court finds Movant's objection to be unconvincing. First, although Movant states that he relied upon the government's "promises" regarding cooperation in his decision to plead guilty, the record reflects that Movant pled guilty of his own free will because he was in fact guilty, and that no one made him promises or assurances to persuade him to plead guilty. *See* ECF No. [29] at 2. Second, the Report's reference to *Weeks*, 295 F. App'x 942, is not erroneous. In *Weeks*, a prisoner appealed the district court's denial of his petition for a writ of mandamus to compel specific performance by the government to comply with its oral agreement to file a Rule 35 motion for a sentence reduction. In *Weeks*, petitioner argued that the government orally agreed to file a Rule 35 motion if he assisted the government in obtaining an arrest or conviction of another person. The government argued that it considered the information provided by the petitioner and others, but it concluded that it was insufficient to merit a Rule 35 motion. *Id.* at 944.

Similar to here, the government denied that its failure to file a Rule 35 motion was based on an unconstitutional motive, and it maintained that it only agreed to evaluate the nature and extent of the cooperation and determine whether it qualified for a sentence reduction. *Id.* at 944-45. The district court found in favor of the government. On appeal, petitioner argued that the government violated the oral contract by not filing the Rule 35 motion, and he contended that "because there was a cooperation agreement, the government's refusal to make a Rule 35(b) motion was in bad faith." *Id.* at 945. Like here, he also argued that he was entitled to an evidentiary

7

hearing. *Id.* Upon review, the Eleventh Circuit affirmed. "[F]ederal district courts may review the government's refusal to file a substantial-assistance motion if the defendant first makes a 'substantial threshold showing' that the refusal was based upon an unconstitutional motive, such as race or religion." *Id.* at 946 (citing *Wade*, 504 U.S. at 185-87). "In the absence of this showing, the defendant has no right to discovery or an evidentiary hearing on this issue." *Id.* "'[C]ourts are precluded from intruding into prosecutorial discretion,' except where there is 'an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." *Id.* (quoting *Forney*, 9 F.3d at 1501-02) (emphasis in original).

Importantly, the court explained that the district court did not abuse its discretion in denying petitioner's petition because his "case is distinguishable from *Santobello*, in that although Weeks alleges that there was a specific oral agreement requiring the government to file a Rule 35(b) motion, the evidence in the record indicates, and the district court implicitly found, that if there was any agreement, it did not require the government to file a Rule 35(b) motion but only to consider whether such a motion should be filed." *Id.* "Because there was no specific agreement requiring the government to file a Rule 35(b) motion, the district court was authorized to review the government's refusal to file a substantial assistance motion only if it found that the refusal was based on an unconstitutional motive, such as race or religion. Weeks's claim that the government acted in bad faith failed to allege, much less make a 'substantial threshold showing,' that the government's refusal to file a Rule 35(b) motion was based on a constitutional impermissible motive. Therefore, Weeks was not entitled to judicial review or an evidentiary hearing." *Id.* at 947.

The Court is unpersuaded that *Weeks* is inapplicable or that the R&R's analysis was incorrect. Movant fails to cite to any record evidence where the government promised to file a

8

Rule 35 motion. Indeed, as noted, during the change of plea hearing, his counsel stated that "as is the usual course, if [Movant's] cooperation rises to the level of being substantial in the sole and unreviewable discretion of the United States Attorney's Office, the United States may file a motion for either a downward departure at the time of sentencing or pursuant to Rule 35 thereafter." ECF No. [25-1] at 5. Further, the plea agreement itself makes no mention of a Rule 35 motion or that Movant was induced to plead guilty based on the prospect of a post-judgment motion. ECF No. [25-2]. Additionally, he fails to allege that the government's refusal to file a Rule 35 motion was grounded in an unconstitutional motive. Accordingly, Movant's objection is unfounded.

Third, Movant's assertion that the R&R's conclusion is inconsistent with *Santobello*, 404 U.S. 257, is misplaced. In *Santobello*, defendant withdrew his previous not guilty plea to two felony counts and pled guilty to a lesser charge pursuant to an agreement with the prosecutor that it would not make a recommendation as to sentence. Later, when defendant appeared before a different judge for sentencing with a different prosecutor, the prosecutor recommended the maximum sentence. The Supreme Court vacated the judgment and remanded to state court, commenting that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262. Unlike *Santobello*, there is no agreement that has been breached. The written plea agreement contains no cooperation language nor does it provide that a Rule 35 motion will be filed. Likewise, the colloquy does not demonstrate that the government guaranteed that it will file such a motion. Accordingly, the R&R's findings, conclusions, and analysis were not at odds with *Santobello*.

Fourth, Movant's claim that *Forney*, 9 F.3d 1492, was misinterpreted by the Magistrate in the Report is incorrect. In *Forney*, the Eleventh Circuit held that the "district court and,

consequently, this court do not evaluate the assistance rendered by a defendant offering cooperation as a term of his plea agreement unless and until the government makes a 5K1.1 downward departure based on substantial assistance. . . . Thus, the courts are precluded from intruding into prosecutorial discretion." *Id.* at 1501 (footnote omitted). "In contrast, judicial review *is* appropriate when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." *Id.* (emphasis in original). Here, Movant asserts that the government breached the plea agreement terms, but as in *Forney*, the government did not promise that it would file a Rule 35 motion but instead agreed to "consider" whether to file such a motion and that this determination would be "solely" that of the government. *Id.* at 1499. *See also* ECF No. [25-2] at 5; *United States v. Mignott*, 278 F. App'x 997, 999 (11th Cir. 2008) ("Where a plea agreement requires the government only to 'consider' filing a Rule 35 motion and places the decision 'solely' in the hands of the government, the government retains this 'power' and does not breach the agreement by failing to file such a motion.") (citing *Forney*, 9 F.3d at 1499-1500).

Finally, although Petitioner asserts that "there are two questions that need to be answered as part of the Court's legal analysis to determine whether the government breached its promises to consider, act on and evaluate Mr. Vasquez's cooperation," *see* ECF No. [30] at 10, the record already contains answers to his two questions. First, regarding whether the government "had any intention of potentially filing a Rule 35 when it entered into the plea agreement" in February 2017, the record demonstrates that as of April 2017, the government was still attempting to obtain authorization for others to act as cooperators on Movant's behalf. *See* ECF Nos. [25-4]; [25-5]. Second, regarding whether the government acted on Movant's intelligence, Movant cites to no record evidence that the government acted on his information but chose not to acknowledge his

10

cooperation. Regardless, Movant's conclusion that the government acted in bad faith either by acting on his information and not crediting him or, conversely, by not acting on it and thus demonstrating it never intended to file a Rule 35 motion, is unsupported. Not only does Movant's argument presuppose that the information he possessed was useful and otherwise unavailable to the government, it inaccurately assumes that the information he provided would necessarily trigger the government's power to seek a Rule 35 motion. *See also Wade*, 504 U.S. at 186 ("[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive."). However, as correctly stated in the Report, "federal courts only have authority to review a prosecutor's refusal to file a substantial-assistance motion or grant a remedy if the refusal was based on an unconstitutional motive, such as race or religion." ECF No. [29] at 6. No such motive is alleged here. Thus, this objection is overruled.

### C.   Objection ten

In paragraph ten of the Objections, Movant "objects to the legal conclusion that he is not entitled to a certificate of appealability." ECF No. [30] at 11. According to Movant, "[b]ased on the pleadings and the objections contained herein, reasonable jurists would find it debatable whether Movant's petition stated a valid claim of the denial of the Movant's constitutional right to Due Process and fundamental fairness as guaranteed by the Fifth Amendment[.]" *Id.* Upon review and consideration, the Court disagrees. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). Movant fails to demonstrate that this standard has been met. Accordingly, this objection is overruled.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Reid's Report, **ECF No. [29]**, is **ADOPTED**;

2. Movant's Objections, **ECF No. [30]**, are **OVERRULED**;

3. The Motion, **ECF No. [16]**, is **DENIED**;

4. No certificate of appealability shall issue;

5. All pending motions are **DENIED AS MOOT**; and

6. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 7, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record